UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RISKON, INC.,
d/b/a HONIG INTERNATIONAL, INC.,

                    Plaintiff,

-against-

MERRILL LYNCH & CO., INC.,

                    Defendant.
------------------------------------------------------------x

08 Civ. 01160

ECF CASE
**COMPLAINT**
**WITH JURY DEMAND**

Plaintiff Riskon, Inc. d/b/a Honig International, Inc. ("Honig"), by its attorneys Liddle & Robinson, L.L.P., alleges for its complaint against Merrill Lynch & Co., Inc. ("Merrill Lynch") as follows:

### THE NATURE OF THE ACTION

1. This is a civil action for damages and remedies brought for breach of contract, unjust enrichment, quantum meruit and promissory estoppel based on Merrill Lynch's failure to pay Honig fees for services rendered.

### JURISDICTION AND VENUE

2. This Court has subject matter over this action pursuant to 28 U.S.C. § 1332.

3. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k).

4. Venue is proper in this district under 28 U.S.C. § 1391.

1

## THE PARTIES

5. Honig, incorporated in the State of New Jersey, is a full service executive search and management consulting firm specializing in the financial services, life sciences, and consumer products industries. Honig maintains its principal place of business at 15 Central Avenue, Tenafly, NJ 07670.

6. Barry Honig is Honig's President.

7. Merrill Lynch, incorporated in the State of Delaware, is a financial services firm and maintains its principal place of business at 4 World Financial Center, 250 Vesey Street, New York, NY 10080 USA.

## FACTS

### Honig and Merrill Lynch Enter Into a Contract

8. In 1999, Honig entered into a written contract (the "Contract") with Merrill Lynch through which it was engaged to refer individuals to Merrill Lynch's Corporate and Institutional Client Group Technology division for employment.

9. The Contract provided that, for each person Merrill Lynch hired who was referred to Merrill Lynch by Honig, so long as the person was hired within one year of the date the individual's resume was submitted, Honig would be paid a commission of 25% of that person's first year total guaranteed cash compensation (base salary plus minimum guaranteed bonus) within 30 days of the individual's hiring.

10. In September 2005, Merrill Lynch presented Honig with a proposed "Contingency Search Agreement" intended to replace the Contract that, among other
2

## THE PARTIES

5. Honig, incorporated in the State of New Jersey, is a full service executive search and management consulting firm specializing in the financial services, life sciences, and consumer products industries. Honig maintains its principal place of business at 15 Central Avenue, Tenafly, NJ 07670.

6. Barry Honig is Honig's President.

7. Merrill Lynch, incorporated in the State of Delaware, is a financial services firm and maintains its principal place of business at 4 World Financial Center, 250 Vesey Street, New York, NY 10080 USA.

## FACTS

### Honig and Merrill Lynch Enter Into a Contract

8. In 1999, Honig entered into a written contract (the "Contract") with Merrill Lynch through which it was engaged to refer individuals to Merrill Lynch's Corporate and Institutional Client Group Technology division for employment.

9. The Contract provided that, for each person Merrill Lynch hired who was referred to Merrill Lynch by Honig, so long as the person was hired within one year of the date the individual's resume was submitted, Honig would be paid a commission of 25% of that person's first year total guaranteed cash compensation (base salary plus minimum guaranteed bonus) within 30 days of the individual's hiring.

10. In September 2005, Merrill Lynch presented Honig with a proposed "Contingency Search Agreement" intended to replace the Contract that, among other

provisions, included an increased percentage payout of 30% for employees who would be serving at the level of "Director" and above.

11. Although Honig did not execute the proposed September 2005 "Contingency Search Agreement," Merrill Lynch thereafter and consistent with the proposed 2005 agreement paid Honig a fee of 30% for all candidates it introduced to Merrill Lynch and who were hired at the "Director" level and above.

12. In 2007 Merrill Lynch wanted to enter into a new agreement with Honig that contained a number of less favorable terms than what had been in effect up to that point, including a fee cap for each candidate and a reduction of the duration of Honig's "ownership" of a candidate, from twelve months to nine months (i.e., whereas under the Contract Merrill Lynch was obligated to pay Honig a fee if it hired a candidate Honig introduced to the firm within twelve months of the introduction, it wanted to reduce that period to nine months such that no fee would be due if the candidate was hired more than nine months after the introduction).

13. Merrill Lynch also wanted, as part of its proposal in 2007, to reserve to itself the right to pay another recruiter a fee for a candidate Honig first introduced to the firm, to the exclusion of Honig being paid a fee. This clause in particular was unacceptable to Honig, and Honig did not execute the agreement Merrill Lynch proposed in 2007.

14. On or around June 18, 2007, once it became clear that Honig would not agree to Merrill Lynch's terms for a new contract, Merrill Lynch terminated the Contract and its entire relationship with Honig.

**Honig Introduced Jeffrey Birnbaum to Merrill Lynch**

15. On July 18, 2006, eleven months before Merrill Lynch terminated the Contract and its relationship with Honig, Barry Honig submitted the name of a prospective hire, Jeffrey Birnbaum, to Merrill Lynch.

16. Upon information and belief, Merrill Lynch had no contact with Birnbaum before Honig introduced him to Merrill Lynch.

17. Barry Honig subsequently set up interviews for Birnbaum with Merrill Lynch and spoke regularly with Merrill Lynch about the possibility of its hiring Birnbaum.

18. Upon information and belief, Merrill Lynch hired Birnbaum in early August 2007 at the level of "Director" or above.

19. Upon information and belief, Honig was the procuring cause of Merrill Lynch's hiring of Birnbaum.

20. Upon information and belief, Merrill Lynch provided Birnbaum with a guaranteed compensation package of $2.2 million for his first year of employment.

21. Merrill Lynch has refused to pay Honig its fee with respect to the Birnbaum placement.

22. Upon information and belief, Merrill Lynch terminated its relationship with Honig, in part, to avoid paying Honig a fee for its introduction of Birnbaum to the firm.

23. Honig is entitled to a $660,000 fee with respect to Merrill Lynch's hiring of Birnbaum (30% x $2.2 million).

4

**Honig Introduces Reggie Lewis to Merrill Lynch**

24. Barry Honig submitted to Merrill Lynch the name of a prospective hire, Reggie Lewis, first in February 2006 and again in February 2007.

25. Upon information and belief, Merrill Lynch had no contact with Lewis before Honig introduced him to Merrill Lynch.

26. Upon information and belief, Merrill Lynch hired Lewis during the spring of 2007.

27. Upon information and belief, Merrill Lynch provided Lewis with a guaranteed compensation package of $240,000 for his first year of employment.

28. Upon information and belief, Honig was the procuring cause of Merrill Lynch's hiring of Lewis.

29. Merrill Lynch has refused to pay Honig its fee with respect to the Lewis placement.

30. Honig is entitled to a $60,000 fee with respect to Merrill Lynch's hiring of Lewis (25% x $240,000).

**Honig Introduces Kathleen Lyons to Merrill Lynch**

31. Barry Honig submitted to Merrill Lynch the name of a prospective hire, Kathleen Lyons, first on February 18, 2007 and again on April 13, 2007.

32. Upon information and belief, Merrill Lynch had no contact with Lyons before Honig introduced her to Merrill Lynch.

33. Upon information and belief, Merrill Lynch hired Lyons in October 2007.

5

34. Upon information and belief, Honig was the procuring cause of Merrill Lynch's hiring of Lyons.

35. Upon information and belief, Merrill Lynch provided Lyons with a guaranteed compensation package of $250,000 for her first year of employment.

36. Merrill Lynch has failed to pay Honig its fee with respect to the Lyons placement.

37. Honig is entitled to a $62,500 fee with respect to Merrill Lynch's hiring of Lyons (25% x $250,000).

## FIRST CLAIM-BREACH OF CONTRACT

38. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 37 above as if specifically set forth herein.

39. Merrill Lynch breached the Contract with Honig by failing to pay to Honig its 30% fee with respect to the hiring of Birnbaum and its 25% fee with respect to the hiring of Lewis and Lyons.

## SECOND CLAIM-UNJUST ENRICHMENT

40. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 39 above as if specifically set forth herein.

41. Honig bestowed a benefit in good faith on Merrill Lynch by supplying it with the names of Birnbaum, Lewis and Lyons as prospective employees.

42. Merrill Lynch hired Birnbaum, Lewis and Lyons after receiving their names from Honig.

43. Honig expected to be compensated in an amount equal to the percentage set forth in the Contract (including as modified in 2005) for providing Merrill Lynch with the identities of prospective hires.

44. Merrill Lynch obtained the foregoing benefit without compensating Honig.

45. Based on the forgoing Merrill Lynch has been unjustly enriched and the circumstances are such that equity and good conscience require Merrill Lynch to make restitution to Honig under the doctrine of unjust enrichment in an amount equal to the formula set forth in the Contract (as modified).

### THIRD CLAIM-QUANTUM MERUIT

46. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 45 above as if specifically set forth herein.

47. Honig bestowed a benefit in good faith on Merrill Lynch by supplying it with the names of Birnbaum, Lewis and Lyons as prospective employees.

48. Merrill Lynch hired Birnbaum, Lewis and Lyons after receiving their names from Honig.

49. Honig expected to be compensated in an amount equal to the percentage set forth in the Contract (including as modified in 2005) for providing Merrill Lynch with the identities of prospective hires.

50. Merrill Lynch obtained the foregoing benefit without compensating Honig.

51. Based on the forgoing Merrill Lynch has been unjustly enriched and the circumstances are such that equity and good conscience require Merrill Lynch to make

restitution to Honig under the doctrine of quantum meruit in an amount equal to the formula set forth in the Contract (as modified).

## FOURTH CLAIM-PROMISSORY ESTOPPEL

52. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 51 above as if specifically set forth herein.

53. Merrill Lynch promised Honig that it would pay it a fee for submitting to it the names of prospective hires.

54. Honig relied on this promise and subsequently conferred a benefit on Merrill Lynch by submitting to it the names of Birnbaum, Lewis and Lyons.

55. Honig has been damaged by Merrill Lynch's failure to pay it a fee with respect Birnbaum, Lewis and Lyons.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. On the First Claim for breach of contract, damages in an amount to be determined at trial, but no less than $782,500.00 plus statutory interest of 9%;

B. On the Second Claim for unjust enrichment, damages in an amount to be determined at trial, but no less than $782,500.00 plus statutory interest of 9%;

C. On the Third Claim for quantum meruit, damages in an amount to be determined at trial, but no less than $782,500.00 plus statutory interest of 9%;

D. On the Fourth Claim for promissory estoppel, damages in an amount to be determined at trial, but no less than $782,200.00 plus statutory interest of 9%;

E. All such other and further relief as the Court deems just and proper, including costs.

Dated: New York, New York
       February 4, 2008

                                            LIDDLE & ROBINSON, L.L.P.

By: _____
    Jeffrey L. Liddle (JL 8256)
    Ethan A. Brecher (EB 3245)
    Attorneys for Plaintiff
    800 Third Avenue
    New York, New York 10022
    (212) 687-8500